## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **Cedar Lane Technologies Inc.,** | Case No. 2:25-cv-641 |
| Plaintiff, | Patent Case |
| v. | Jury Trial Demanded |
| **Momondo A/S,** | |
| Defendant. | |

### COMPLAINT FOR PATENT INFRINGEMENT

1.      Plaintiff Cedar Lane Technologies Inc. ("Plaintiff"), through its attorneys, complains of Momondo A/S ("Defendant"), and alleges the following:

### PARTIES

2.      Plaintiff Cedar Lane Technologies Inc. is a corporation organized and existing under the laws of Canada that maintains its principal place of business at 560 Baker Street, Suite 1, Nelson, BC V1L 4H9.

3.      Defendant Momondo A/S is a corporation organized and existing under the laws of Denmark that maintains an established place of business at Farvergade 10, 1463 København, Denmark.

### JURISDICTION

4.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

1

5.      This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

7.      Venue is proper in this District under 28 U.S.C. § 1391(c) because Defendant is a foreign corporation. In addition, Defendant has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this district.

## PATENT-IN-SUIT

8.      Plaintiff is the assignee of all right, title and interest in United States Patent No. 8,397,177 (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

## THE '177 PATENT

9.      The '177 Patent is entitled "Graphic-information flow method and system for visually analyzing patterns and relationships," and issued 2013-03-12. The application leading to the '177 Patent was filed on 2006-01-11. A true and correct copy of the '177 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

## COUNT 1: INFRINGEMENT OF THE '177 PATENT

10.     Plaintiff incorporates the above paragraphs herein by reference.

11.     **Direct Infringement**. Defendant directly infringed one or more claims of the '177 Patent in at least this District by making, using, offering to sell, selling and/or importing,

without limitation, at least the Defendant products identified in the charts incorporated into this

Count below (among the "Exemplary Defendant Products") that infringed at least the exemplary

method claims of the '177 Patent also identified in the charts incorporated into this Count below

(the "Exemplary '177 Patent Claims") literally or by the doctrine of equivalents. On information

and belief, numerous other devices that infringed the claims of the '177 Patent have been made,

used, sold, imported, and offered for sale by Defendant and/or its customers.

12.      Defendant also directly infringed, literally or under the doctrine of equivalents,

the Exemplary '177 Patent Claims, by having its employees internally test and use these

Exemplary Products.

13.      Exhibit 2 includes charts comparing the Exemplary '177 Patent Claims to the

Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products

practice the technology claimed by the '177 Patent. Accordingly, the Exemplary Defendant

Products incorporated in these charts satisfy all elements of the Exemplary '177 Patent Claims.

14.      Plaintiff therefore incorporates by reference in its allegations herein the claim

charts of Exhibit 2.

15.      Plaintiff is entitled to recover damages adequate to compensate for Defendant's

infringement. Moreover, Defendant has been on notice of infringement since at least March 8,

2021, the date on which Plaintiff filed suit against Defendant's parent company and alter ego

Booking Holdings, Inc. ("BHI") in *Cedar Lane Technologies, Inc. v. Booking Holdings Inc.*,

Case No. 6:21-cv-221 (W.D. Tex. Mar. 8, 2021). On information and belief, BHI dominates and

controls the finances and/or intercompany decision-making of Defendant, and there exists a unity

of interest and ownership between BHI and Defendant such that any separateness between BHI

and Defendant has ceased to exist. Accordingly, at a minimum, notice of infringement should be

imputed to Defendant as of at least March 8, 2021 by reason of Plaintiff's prior suit against

Defendant's parent and alter ego BHI.

## JURY DEMAND

16.    Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully

requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A.    A judgment that the '177 Patent is valid and enforceable

B.    A judgment that Defendant has infringed directly one or more claims of the '177

Patent;

C.    An accounting of all damages not presented at trial;

D.    A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284

for Defendant's past infringement at least with respect to the '177 Patent.

E.    And, if necessary, to adequately compensate Plaintiff for Defendant's

infringement, an accounting:

i.    that this case be declared exceptional within the meaning of 35 U.S.C. § 285

and that Plaintiff be awarded its reasonable attorneys fees against Defendant

that it incurs in prosecuting this action;

ii.    that Plaintiff be awarded costs, and expenses that it incurs in prosecuting

this action; and

iii.    that Plaintiff be awarded such further relief at law or in equity as the Court

deems just and proper.

Dated: June 17, 2025                    Respectfully submitted,

<u>/s/ Isaac Rabicoff</u>
Isaac Rabicoff
Rabicoff Law LLC
4311 N Ravenswood Ave Suite 315
Chicago, IL 60613
7736694590
isaac@rabilaw.com


**Counsel for Plaintiff**
**Cedar Lane Technologies Inc.**